Beaman v VALSAC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

_____

____CV_____ Federal Question:

Shelton Beaman,

Petitioner-Pro Se,

VERIFIED COMPLAINT

-against-

Address: #5A 908 Amsterdam Avenue New York, New York 10025

JAMES VALENTINO ("OWNER-LANDLORD");

VALSAC 908, LLC, et al.,

Respondent(s)

_____

STATE OF NEW YORK
)
) ss.:
) ss.:
COUNTY OF (New York)

Mr. Shelton Beaman, Petitioner Pro se, Under Penalty of Perjuy, deposes and says:

I am Petitioner in the above-entitled action and as such am personally familiar with the facts and circumstances herein.

I am the occupant of #5A 908 Amsterdam Avenue, New York, New York 10025 ("the Apartment" / "Subject Premises").

I submit this VERIFIED Petition in Support of the instant Order to Show Cause ("OSC") for an Order Pursuant to RPAPL § 853 768 /711/ 713 (10) and NYC Administrative Code § 26−521 why a Judgment should not be rendered Awarding and Restoring Petitioner to possession of the above-indicated premises; Awarding Damages and/or Treble Damages following RPAPL, § 853; and/or GRANTING such other and further Relief as may be Just.

I have occupied the Subject Premises pursuant to a written lease agreement as a year-to-year since December 22, 2021, with a monthly rent of $3450.00 per month, which was predicated upon a "LANDLORD INTENT TO RENT AGREEMENT" ("Payment Terms"), entered on or about December 6, 2021, between Melinda LeBron (a then "Managing Agent") for the Landlord ("VALSAC") and Services for the Undeserved ("SUS"), a non-profit agency, who administered the Veterans Affairs' Supportive Services for Veteran Families ("SSVF") Program. SUS provided 'All financial payment checks' on Petitioner's behalf, under this Federal Program.

While I recollect that an Extension Notice (extending the lease to April 30, 2023) from VALSAC was mailed to me on or about February 27, 2023, which indicated, among other things, the lease was "Extended to April 30, 2023", which translated as, I had until that time (April 30th) to vacate or legal action would be commenced, i.e., "Holdover".

VALSAC has breached this extension notice by three (3) days, and have failed to, among other things, terminate this extension of the lease by lawful legal process and my Tenancy remains in full force and effect pending the development of legal process suitable for the purpose of legal process to regain possession of the Subject Premises I.e., ejectment or summary Proceedings for failing to vacate on April 30, 2023. See also, i.e, CPLR 711(2) (landlord may...The landlord may waive his right to proceed upon this ground only by an express consent in writing to permit the tenant to continue in possession, which consent shall be revocable at will, in which event the landlord shall be deemed to have waived his right to summary dispossess for nonpayment of rent accruing during the time said consent remains unrevoked. See also, CPLR 711(1)

AS FOR THE FIRST CAUSE OF ACTION AGAINST RESPONDENT(S) TO BE RESTORED TO POSSESSION OF THE SUBJECT PREMISES PURSUANT TO RPAPL 853, 768, 713(10)

VALSAC, et al., gained possession of the Subject Premises unlawfully, and forcibly, without the consent or authorization of Petitioner ("Mr. Beaman"), and continues to unlawfully and forcibly without him Mr. Beaman in violation of his due process rights;

VALSAC took unlawful possession of the Subject Premises on April 27, 2023, 9:15 a.m., in violation of ,among other things, the extension term of April 30, 2023;

VALSAC was not awarded a Judgment of Possession and or a Warrant of Eviction with respect to the Subject Premises as against Mr. Beaman at any time as a result of this new (addendum)lease extension by the landlord;

Mr. Beaman has not abandoned or otherwise surrendered possession of the Subject Premises willingly to Respondent(s).

Mr. Beaman has been irreparably harmed by Respondent's unlawful occupancy of the Subject Premises, insofar as Mr. Beaman is deprived of his property interest, as well as his peace, use and enjoyment of the Subject Premises, which premises Petitioner has the legal right to occupy.

Petitioner is continuously damaged by Respondent's unlawful occupancy of the Subject Premises and is now, once again, a Homeless Veteran.

Petitioner Shelton Beaman is entitled to Possession of the Subject Premises pursuant to all relevant law(s) along with the issuance of a lawful warrant of eviction FORTHWITH, together with Damages, Costs, and Disbursursments.

AS FOR SECOND CAUSE OF ACTION AGAINST RESPONDENT(S) FOR TOTAL ACTUAL EVICTION (UNLAWFUL EVICTION)

In all Causes of Action, Petitioner repeats and realleges the above and following paragraphs as if fully set forth herein.

Shelton Beaman ("SSVF Program Participant"), ("Tenant"), by virtue of his year-to-year tenancy or by the authority and permission by the Landlord's extension of the lease until April 30, 2023, ("the Addendum"), had the legal right to occupy the Subject Premises on April 27, 2023.

VALSAC forcibly entered, changed the door lock, demanded the keys (did not offer a new key(s) and made a demand for Mr. Beaman to vacate the Subject Premises and ousted Petitioner from his home.

VALSAC without permission by Mr. Beaman, unlawfully and intentionally deprived Petitioner access of the Subject Premises without legal process for any violation of the lease extension.

Petitioner sustained actual damages to the extent that he lost the peace, use and enjoyment of the Subject Premises, which damages continue to accure until Petitioner is restored to possession.

The monthly rent, pursuant to the payment terms of the lease, among other things, is $3450.00 per month or $115.00 per diem.

Accordingly, Respondent(s) caused Petitioner actual damages in the amount of $4,600 (40 days at $115.00 per diem) on account of Petitioner's loss of use and enjoyment of the Subject Premises.

Based on the foregoing Petitioner sustained in actual damages to-date, on account of Petitioner's total actual lockout and unlawful eviction.

In addition to the foregoing, Petitioner is entitled to punitive damages and/or treble damages in an amount to be determined at trial, but for a sum not less than $2,070 (for 30% of the total rent, Mr. Beaman would have had to pay from his income, for two (2) months prior to the ousting by VALSAC).

No prior application has been made for the relief sought herein.

WHEREFORE, it is Respectfully requested that this Court grant the relief Prayed for in the instant Order to Show Cause and Verified Petition as well as such other and further Relief as this the Court deem just and Proper.

Dated: June 11, 2023.                                    S/Shelton Beaman

Bronx, New York                                         SHELTON BEAMAN

Petitioner

Files

 VALSAC_IFP-application.1.pdf
File size: 213.4 KB