UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHELTON BEAMAN,

                              Plaintiff,

                 -against-

JAMES VALENTINO; VALSAC 908, LLC,

                              Defendants.

23-CV-4961 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction, 28 U.S.C. § 1331. By order dated June 20, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses the action for lack of subject matter jurisdiction but grants Plaintiff leave to replead his complaint within 30 days.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id*.

## BACKGROUND

The following facts are alleged in Plaintiff Shelton Beaman's complaint. Since December 2021, Plaintiff has rented an apartment at 908 Amsterdam Avenue, New York, New York, from "owner-landlord" James Valentino and VALSAC 908, LLC. (ECF 1 at 1.) To rent the apartment, Plaintiff used money from Services for the Underserved, a non-profit agency administering the program, Supportive Services for Veteran Families. In February 2023, a notice from VALSAC 908, LLC, was mailed to Plaintiff, informing him that he had until April 30, 2023 "to vacate or legal action would be commenced, i.e., 'Holdover.'" (*Id.*)

Plaintiff contends that his "[t]enancy remains in full force and effect" because VALSAC 908, LLC "failed to . . . terminate this extension of the lease by lawful legal process." (*Id.*) He states that VALSAC 908, LLC "was not awarded a judgment of Possession or a Warrant of

Eviction with respect to the Subject Premises as against Mr. Beaman at any time . . ." (*Id.*)
Plaintiff relies on New York Real Property Actions and Proceedings Law and the New York City
Administrative Code. Plaintiff sues James Valentino and VALSAC 908, LLC, seeking damages
and to be restored to possession of the apartment.[1]

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth
generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available
only when a "federal question" is presented or when plaintiff and defendant are citizens of
different states and the amount in controversy exceeds the sum or value of $75,000. "'[A]ny
party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether
the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local
919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994)
(quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d
Cir. 1983)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court
must dismiss the action." Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S.
574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own
initiative . . . .").

A.    **Federal question jurisdiction**

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the
Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under

---

[1] Plaintiff has filed other unsuccessful actions in connection with the same rental unit.
*See, e.g., Beaman v. Services for the Undeserved*, No. 22-CV-10911 (S.D.N.Y. Feb. 13, 2023)
(dismissed for failure to submit IFP application); *Beaman v. Valsac 908, LLC*, No. 22-CV-10912
(S.D.N.Y. Feb. 27, 2023) (administratively closed).

federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Merely invoking federal jurisdiction, without pleading any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Here, Plaintiff invokes the Court's federal question jurisdiction, but he relies on state real property law for relief, not federal law. Although it appears that Plaintiff may have received some federal funding, through a nonprofit agency, for his apartment rental due to his service as a veteran, this is insufficient to show that his right to relief turns on a substantial question of federal law, or that federal law creates his cause of action against the owners of the property.

Moreover, a claim for relief under the federal civil rights statute, 42 U.S.C. § 1983, must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Plaintiff's claims are asserted against private parties (a limited liability company, and the owner of the property), neither of which appears to be a

state actor subject to a civil rights action under 42 U.S.C. § 1983.[2] Plaintiff thus fails to plead

facts showing that the Court has federal question jurisdiction of this action.

      As set forth below, the Court grants Plaintiff an opportunity to replead his claim to

include facts that would establish subject matter jurisdiction.

**B.**    **Diversity jurisdiction**

      Plaintiff does not allege facts demonstrating that the Court has diversity jurisdiction of

this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the

plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524

U.S. 381, 388 (1998). For diversity purposes, an individual is a citizen of the State where he is

domiciled, which is defined as the place where a person "has his true fixed home . . . and to

which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v.

Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). "[A]

limited liability company . . .[,] [however,] takes the citizenship of each of its members."

*Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir.

2012).

      A plaintiff invoking diversity jurisdiction must also allege to a "reasonable probability"

that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount.

*See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d

Cir. 2006) (citation and internal quotation marks omitted). Plaintiff's allegations do not show

---

[2] Some federal statutes prohibiting housing discrimination govern the conduct of private parties.
*See, e.g., Gladstone Realtors v. Vill. of Bellwood*, 441 U.S. 91, 93 (1979) (holding that the Fair
Housing Act, 42 U.S.C. § 360, "broadly prohibits discrimination in housing"). Here, Plaintiff
alleges that Defendants have violated New York's real property laws – not that Defendants have
discriminated against him.

that the parties are of diverse citizenship. Although the complaint indicates that Plaintiff is domiciled in New York, he does not allege any facts about the citizenship of either defendant. Plaintiff also does not plead facts showing that his claim satisfies the amount-in-controversy requirement. Accordingly, Plaintiff fails to satisfy his burden of showing that the Court has diversity jurisdiction of his claims.

Because Plaintiff does not allege facts showing that the Court has federal question or diversity jurisdiction of this matter, the complaint must be dismissed for lack of subject matter jurisdiction.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)); *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 82 (2d Cir. 2018) ("[F]ailure to provide notice and an opportunity to be heard prior to dismissal is a 'bad practice in numerous contexts' and 'reversible error' in others."). Although the complaint gives no indication that the federal courts have subject matter jurisdiction of Plaintiff's claims, the Court grants Plaintiff 30 days' leave to amend his complaint to plead facts showing a basis for subject matter jurisdiction in federal court.

If Plaintiff chooses to file an amended complaint, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant in the "Statement of

Claim" section of the amended complaint form. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief, such as:

a)  the names and titles of all relevant people;

b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief. Plaintiff's amended complaint will completely replace, not supplement, the original complaint.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Court will not enter judgment and will hold this matter open on the docket for 30 days to allow Plaintiff to replead his claims.

Plaintiff is granted leave to file an amended complaint to plead facts that establish a basis for subject matter jurisdiction in federal court, under the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-4961 (LTS). An Amended Complaint form is attached to this order. No

answer shall be required at this time. If Plaintiff fails to comply within the time allowed, and he

cannot show good cause to excuse such failure, the complaint will be dismissed for lack of

subject matter jurisdiction.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

 Dated:    July 10, 2023
           New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
        (Plaintiff's name)


_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                      (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name               Middle Initial       Last Name

_____

Street Address

_____

County, City                    State          Zip Code

_____

Telephone Number           Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                            Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                    State                    Zip Code

Defendant 2:

First Name                            Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                    State                    Zip Code

Defendant 3:

First Name                            Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                    State                    Zip Code

Defendant 4:

_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State            Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

| |
|---|
| Street Address |

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

> If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.